## BARRETT MINING Co. et al. *v.* TAPPAN et al

EVIDENCE — *immaterial, will not be noticed.*   Where a fact is conclusively established, as in an action upon an appeal bond by a recital in the condition of the bond, whether other evidence to the same point was properly received, will not be considered.

In an action upon a bond given on appeal from the judgment of a justice of the peace, it is not necessary to show at whose instance the appeal was dismissed in the district court.

PRESUMPTION — *as to judgment of dismissal.*   In such action the court will presume that the judgment of dismissal was regularly entered and upon proper cause.

CORPORATION — *may deny its signature by oath of agent.*   Under section 14 of the justice's act (R. S. 399), a corporation may deny its signature to a written instrument by the oath of its authorized agent.

But it must appear that the oath is made on behalf of the corporation, and that the person making it has authority from the corporation to make such denial.

AGENT'S AUTHORITY *to sign instrument can only be denied under oath.*   Under section 14 of the justice's act (R. S. 399), a principal cannot deny the authority of his agent to sign a written instrument unless under oath.

*The action of debt* will lie upon an instrument not under seal.

### *Appeal from District Court, Gilpin County.*

THE action was an appeal bond against Barrett Mining Company and George W. Barrett, before a justice of the peace, and thence removed by appeal to the district court, where judgment was given against appellants, and in favor of appellees.   At the trial, the docket of Robert S. Wilson was produced, showing a judgment in favor of John G. Tappan and William H. Tappan, against Barrett Gold Mining Company, for the sum of $95 and the costs of suit, taxed at $8.70.   To this, objection was made by appellants, but the court allowed it to be read, and appellants excepted.   Appellees gave in evidence, also, record of the proceedings of district court of Gilpin county, showing:

1st.  An order upon the appellant in a cause entitled William H. Tappan *et al.* v. The Barrett Mining Company, to file an amended appeal bond; and,

2d.  That the same cause was dismissed by the district court.

To which objection was made, but the court allowed the

said. orders to be read, and appellants excepted. Appellees then offered the bond, upon which suit was brought, the condition of which was as follows:

"The condition of the above obligation is such that, whereas, the said William H. Tappan and John G. Tappan did, on the 26th day of March, A. D. 1870, before Robert S. Wilson, a justice of the peace in and for the county of Gilpin, recover a judgment against the above-bounden Barrett Mining Company, for the sum of ninety-five dollars, from which judgment the said Barrett Mining Company has taken an appeal to the district court of the second judicial district in and for the county of Gilpin, aforesaid, and territory of Colorado. Now, if the said Barrett Mining Company shall prosecute its appeal with effect, and shall pay whatever judgment may be rendered by the court upon dismissal or trial of said appeal, then the above obligation to be void; otherwise to remain in force and effect."

Which bond was signed "Barrett Mining Company, by George W. Barrett, Agt.," and "George W. Barrett." Opposite these names was a scrawl, with the word "seal" in the center, but there was nothing attached which appeared to be the seal of the corporation. Appellants objected to the instrument:

1. That it was irrelevant.

2. That no sufficient foundation had been laid for its introduction.

3. That no breach of the condition had been proved.

4. That it was not the bond or instrument of the Barrett Mining Company.

5. That the bond was not sealed with the corporation seal of said Barrett Mining Company.

6. That the scrawl attached to said company's name was not the corporate seal.

7. That it was not shown that said Barrett, by whom said company's name was signed to said bond, had any right or authority to execute the same.

8. That the execution of the bond was denied, under oath.

And, in support of said objections, counsel read to the court the following affidavit:

TERRITORY OF COLORADO, ⎰ *ss.:*
    County of Gilpin, ⎱

| |
|---|
| John G. Tappan, William H. Tappan, |
| *v.* |
| The Barrett Gold Mining Company and George W. Barrett. |

George W. Barrett, being first duly sworn, deposes and says that the bond offered in evidence in this case, signed "Barrett Mining Company, by George W. Barrett, Agent, George W. Barrett," was not, and is not, signed by the said Barrett Mining Company, but was signed by him.

Affiant further states that he had no right or authority from the said Barrett Mining Company to sign the same, and that the said company has not ratified the same.

        (Signed)      GEORGE W. BARRETT.

Subscribed and sworn to before me, ⎰
  this 15th day of April, A.D. 1871. ⎱

        (Signed)    C. M. Leland, *J. P.*

But the court overruled the objections, and the bond was read in evidence, to which appellants accepted.

Judgment was given against appellant, and in favor of appellees, for the sum of $122 and costs.

Mr. Hugh Butler, for appellants.

Mr. L. C. Rockwell, for appellees.

Hallett, C. J.    The amount of the judgment against the company in the first action, and the fact that such judgment was rendered, was sufficiently shown by the recital in the condition of the appeal bond, and the entry in Wilson's docket was merely cumulative evidence. Conceding that this entry was not properly admitted in evidence, the facts are established by the recital in the bond, and the docket entry could not have affected the result. The same

may be said of the first entry in the record of the district court. It was not material to the issue, and was not prejudicial to appellants.

It does not appear at whose instance the district court dismissed the appeal, but this is not essential. Whether the order of dismissal was made at the instance of one party or the other, it was equally effectual in putting an end to the suit, and we must, in this action, presume that the order was regularly made, upon sufficient cause. Upon the point that the execution of the bond was not denied by the company, under oath, there is nothing to show that the affidavit of Barrett was made on behalf of the company. A corporation is, of course, unable to make oath, and must, of necessity, in this, as in other matters, act through and by its appointed agent. Although section 14 of the justices' act (R. S. 399), appears to require a personal denial of the signature, this being impossible to a corporation to avoid denying a substantial right, the affidavit of some one acting for and on behalf of the corporation must be received. *Trenton Banking Co.* v. *Haverstick*, 6 Halst. 171 ; *Commercial Ins. Co.* v. *Mehlman*, 48 Ill. 313. But the denial must, nevertheless, appear to be the act of the corporation, for, otherwise, it might happen that a stranger would deny what was admitted by the real party in interest. And, although Barrett was a co-defendant, and might have denied the execution of the bond in his own right, yet, when he came to act for the company, he should show that he had authority from the company so to proceed, in order that it may appear that he is not now intermeddling in matters with which he is not concerned, as he alleges that he did when the bond was signed. Therefore, we think that the affidavit was not sufficient to put appellees to proof of the due execution of the bond, if, indeed, any affidavit was required. But it is said that the authority of Barrett, to execute the bond, is distinguishable from the signing, and, although the signature must be denied under oath, the authority of the agent need not be. Upon this we observe that the statute manifestly refers to the legal effect of the signature, rather than

the manual act of signing. If the name of the obligor, in a bond, is subscribed by one in his presence, and by his direction, the effect is the same as if his name should be signed with his own hand, and under such circumstances we do not doubt that the obligor must deny his signature under oath, in order to put the obligee to proof of the fact. *Qui facit per aliam facit per se*, and when the name is signed by one thereunto authorized, it is as much the signa· ture of the principal, as if written with his own hand. Therefore, if the principal would deny the authority of the agent, as the validity of the signature is thereby directly attacked, the denial must be under oath. The effect of this statute, upon this point, is precisely the same as the 14th section of the practice act (R. S. 506), under which it has been held, that the execution of the instrument must be denied under oath. *Delahay* v. *Clement*, 3 Scam. 201.

The objection that the bond was not under seal of the company, if maintainable, will not defeat the action, for debt will lie upon an unsealed instrument. 1 Ch. Pl. 108. For the purposes of this action, it is sufficient that the bond was signed by the company, and, the signature not having been denied under oath, this fact was sufficiently established by the production of the instrument.

The judgment of the district court is affirmed, with costs.

*Affirmed.*